UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
KATRINA PEEPLES,                                             :
                                                             :
                          Plaintiff,                  :
                                                             :    FIRST AMENDED COMPLAINT
          -against-                              :    15cv6511 (JBW) (PK)
                                                             :
CITY OF NEW YORK, NYPD OFFICER                               :
DENNIS FRIENDLY, Shield No. 233, NYPD                        :
OFFICER ANTHONY RICCIARDI, NYPD                              :    Jury Trial Demanded
OFFICER MIKELANG ZIDOR, Shield No.                           :
27521, and NYPD OFFICERS JOHN/JANE                           :
DOES 1-5,                                                    :
                                                             :
                          Defendants.                 :
------------------------------------------------------------- x

       Plaintiff, KATRINA PEEPLES ("Ms. Peeples" or "Plaintiff"), complaining of Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1. Plaintiff KATRINA PEEPLES brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violation of Plaintiff's civil rights, as said rights are secured by said statutes and the United States Constitution.

### JURISDICTION

       2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343.

### VENUE

       4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

### JURY DEMAND

       5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to

Federal Rule of Civil Procedure ("FRCP") 38(b).

## PARTIES

6. Plaintiff is a resident of Queens County in the State of New York.

7. Defendant CITY OF NEW YORK was an is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, Defendant Officers DENNIS FRIENDLY, ANTHONY RICCIARDI, MIKELANG ZIDOR and JOHN/JANE DOES 1-5 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individual Defendants while acting in furtherance of their employment by Defendant CITY OF NEW YORK.

## FACTS

13. On the evening of Sunday, September 8, 2013, Plaintiff was in Hallet Cove Park with a group of seven women friends, among them a friend named Joanna.

14. The park is across the street from Plaintiff's home.

15. Plaintiff and her friends were sitting on a bench in the park when Individual Defendants approached them without reasonable suspicion.

16. Plaintiff stood up as Defendants approached and one of the Defendants roughly pushed Plaintiff back down to the bench where she had been seated.

17. Joanna was carrying a pocketbook. One of the Defendants searched Joanna's pocketbook without reasonable suspicion, probable cause or Joanna's permission. The Defendant purported to find a very small bottle of alcohol, the entire contents of which he poured out onto the ground.

18. Defendants arrested Plaintiff despite the fact that she did not possess any such bottle and had not known or drunk from Joanna's bottle as it had been inside her pocketbook.

19. Defendant ANTHONY RICCIARDI told the District Attorney that he had observed Plaintiff drinking directly from the bottle. This was not true.

20. On September 9, 2013, a state court judge dismissed open container charges against Plaintiff.

21. As a result of Defendants' unlawful conduct, Plaintiff suffered a deprivation of her liberty, damage to her reputation and emotional trauma.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping

and maliciously prosecuting those individuals.

23. The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

24. The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., Nos. 9 Civ. 8, 9 Civ. 9, 2009 WL 4263362, at *2 (E.D.N.Y. November 25, 2009).

25. Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

26. Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Plaintiff's constitutional rights.

27. Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

29. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

32. As a result of the foregoing, Plaintiff is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
## SECTION 1983

33. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

34. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

35. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of her constitutional rights.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST

37. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without cause.

39. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of her constitutional rights.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## FAILURE TO INTERVENE

41. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

42. Individual Defendants actively participated in the aforementioned unlawful conduct but also observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

44. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of her constitutional rights.

45. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## MONELL

46. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

48. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Plaintiff's rights as described herein. As a result of the failure of the Defendant City

7

of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

49. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

50. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Plaintiff's safety, well-being and constitutional rights.

51. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff respectfully request the following relief:

A. An order entering judgment for Plaintiff against Defendants on each of their claims for relief;

B. Awards to Plaintiff for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth and Fourteenth Amendment rights of Plaintiff, the amount to be determined at jury trial, which Plaintiff respectfully demands pursuant to FRCP 38;

    C. Awards to Plaintiff of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional rights and welfare of Plaintiff, the amount to be determined at jury trial, which Plaintiff respectfully demands pursuant to FRCP 38;

    D. Awards to Plaintiff of the costs of this action, including reasonable attorneys' fees;

    E. Such further relief as this Court deems just and proper.

DATED:  April 14, 2016
      New York, New York

                     /s
                     Ryan Lozar (RL 0229)
                     305 Broadway, 9th Floor
                     New York, New York 10007
                     (310) 867-1562
                     ryanlozar@gmail.com

                     *Attorney for Plaintiff*