UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KATRINA PEEPLES,

                               Plaintiff,

               -against-

CITY OF NEW YORK, NYPD OFFICER DENNIS FRIENDLY, Shield No. 233, NYPD OFFICER ANTHONY RICCIARDI, NYPD OFFICER MIKELANG ZIDOR, Shield No. 27521, and NYPD OFFICERS JOHN/JANE DOES 1-5,

                               Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS ZIDOR AND FRIENDLY**

15-CV-6511 (JBW)(PK)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

      Defendants Officer Mikelang Zidor and Sergeant Dennis Friendly (s/h/a/ "NYPD Officer Dennis Friendly) (hereinafter "defendants") by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

      1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed and seek relief as stated therein.

      2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

      3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      4.    Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to lay venue as stated therein.

5. State that the allegations set forth in paragraph "5" of the Amended Complaint are a jury demand to which no response is required. However, to the extent a response is required, defendants deny the allegations set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residency set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter for a full and accurate recitation of the relationship between the City of New York and the New York City Police Department (hereinafter "NYPD").

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that, on or about September 8, 2013, defendants Ricciardi, Zidor, and Friendly were police officers employed by the NYPD.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that, on or about September 8, 2013, plaintiff was lawfully arrested.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of the content contained therein.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. State that the allegations set forth in paragraph "28" of the Amended Complaint are conclusions of law to which no response is required; to the extent a response is required, deny the allegations.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. In response to the allegations set forth in paragraph "37" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. In response to the allegations set forth in paragraph "41" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. In response to the allegations set forth in paragraph "46" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52. The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56. At all times relevant to the acts alleged in the Amended Complaint, defendants acted reasonably and properly in the lawful exercise of their discretion and/or

judgmental functions/decisions. Therefore, defendants are entitled to governmental immunity from liability on any alleged state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57. To the extent the Amended Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law Sections 50-(e), *et seq*.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58. Defendants Zidor and Friendly may be entitled to absolute immunity under *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

59. There was reasonable suspicion for plaintiff's stop, question, and frisk, if any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

60. Plaintiff's action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

61. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

62. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims are barred by the applicable statute of limitations.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

64. To the extent one or more defendants used any force, it was reasonable, justified, and necessary to accomplish the defendant's official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

65. Plaintiff provoked any incident.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

66. Plaintiff may have failed to mitigate his damages.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

67. There was probable cause for the search of plaintiff.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:**

68. There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

**WHEREFORE,** defendants Officer Zidor and Sergeant Friendly request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	June 24, 2016

					ZACHARY W. CARTER
					Corporation Counsel of the
					  City of New York
					*Attorney for Defendants Zidor and Friendly*
					100 Church Street
					New York, New York 10007
					(212) 356-2357

					By:	*/s/ Alexander Noble*
						Alexander Noble
						Assistant Corporation Counsel
						Special Federal Litigation Division

cc:	**BY ECF**
	Ryan Lozar
	*Attorney for Plaintiff*