# Exhibit F

The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



JULY 11, 2016

Alexander Noble, Esq.
Office of Corporation Counsel
100 Church Street
New York, NY 10007

Re:     Peeples v. City of N.Y., No. 15 Civ. 6511 (JBW) (PK)

Dear Mr. Noble,

On May 11, 2016, two months ago, I wrote you a letter detailing various discovery deficiencies in the above-referenced matter. See Exh. A. I write to follow up on your response and to provide you with various deposition notices. See Exh. B.

In the May 11, 2016 letter and during the telephone conference we had with Judge Kuo that same day, I discussed the fact that Plaintiff only knows the identities of three officers in this case—Ricciardi, Friendly and Zidor. However, Plaintiff has always alleged that many more officers were on the scene—to her best recollection, nearly ten. This recollection is corroborated by Tameka Jackson and Taniqua Harris in their 50h testimonies and furthermore, the recollection is corroborated by the fact that roughly seven women were arrested in one fell swoop. Many more officers than three were certainly involved in order to achieve a mass roundup of this nature. Indeed, even in Plaintiff's Amended Complaint there remain John/Jane Doe Defendants. I do not know if I would add John/Jane Doe Defendants as they are identified, but at the very least, and as I have said in the past, they are material fact witnesses. Please respond with their identities or at least your plan for doing so on or before July 15, 2016.

Also in the May 11, 2016 letter and in a lengthy telephone conversation you and I had after our conference with Judge Kuo (and in subsequent telephone conversations as well), I requested additional parks inspection reports. Right now I have two of them, from December 2012 and August 2013. The incident here occurred in September 2013. I would therefore like the Parks Inspection Reports for January 2014 and June 2014 as well. I've previously explained the relevance of these documents. I'm happy to do it again in the event you dispute their relevance, but I believe my May 11, 2016 letter also anticipated this question. See Exh. A.

Defendants have not produced the officers' disciplinary records for the ten years preceding the incident up to and including the present day despite the entry of a Protective Order for just that purpose. Docket No. 18.

In light of the relevance of the Parks Department issue to this case (Defendants take the position that they had cause to arrest Ms. Peeples even if she was not drinking in public, due to her being in a park after it had closed), Plaintiff has today noticed the deposition of a representative of the Parks Department in order to ventilate, among other things, the significance of terms such as consolidated signs, the process by which parks inspection reports are compiled and the process by which Hallet's Cove Park in particular is inspected by Parks Department employees given (1) the grounds' various use-based divisions, and (2) the already-produced inspection reports' seeming focus upon one specific area of the grounds.

If you would like more information I would be happy to provide it.

Thank you,

Ryan Lozar
Attorney for Plaintiff Katrina Peeples