The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



AUGUST 5, 2016

Dear Judge Kuo:

    I am Plaintiff's counsel in Peeples v. City of NY, et al., No. 15 Civ. 6511 (JBW) (PK), which is a Section 1983 action alleging, among other things, false arrest.  I write to provide the Court with the Parties' joint discovery status report.  The headings in this status letter track the headings in the status report that Plaintiff provided the Court in advance of the July 27, 2016, discovery conference at which these issues were discussed at length.  The Parties do not have any open disputes at this time and we do not request a discovery conference for that reason.  Instead, we are focusing our attention on adhering to a schedule enabling us to keep to the pretrial schedule.

    **I.    Parks Department Records And The Deposition Of A Parks Department Representative Pursuant To Federal Rule 30(b)(6)**

    Defendants have made contact with a Parks Department liaison about outstanding park inspection reports relating to park signage where the incident occurred.  Defendants anticipate being able to produce these reports to Plaintiff on or before 8/12/2016.  Also on or before 8/12/2016, Defendants hope to have discussed with the agency liaison about who might be an appropriate 30(b)(6) representative to answer questions relating to the compilation and content of the inspection reports, park signage and the layout of the subject park.  Defendants reserve their right to object to the 30(b)(6) in its entirety and/or to move for a Protective Order limiting the scope of the 30(b)(6) deposition, should it be necessary.

    **II.    The Identities Of The NYPD Officers On The Scene**

    Defendants have made progress on identifying the Doe NYPD Officers on the scene of the incident.  For example, Defense counsel has made new requests for SPRINT reports, for precinct and PSA 9 roll call, and more.  In particular, radio-run SPRINT reports (as opposed to 911 SPRINT reports) may prove fruitful in identifying the vehicle(s) that arrived on the scene, which in turn will aid in identifying the officers in those vehicles.

    **III.    Defendant Officer Ricciardi's Deposition Is Scheduled For August 17, 2016**

    **IV.    Defendant Officer Ricciardi's Disciplinary Records Relating To Excessive Force And Abuse of Authority, And The Files Underlying All Defendants' Disciplinary Records**

Defendants will begin a rolling production of disciplinary records next week, as they have already obtained CCRB records. The Parties are planning a time when Plaintiff's counsel can visit Defendants' office to review the files in order to identify files of true interest for production. In this way, the Parties hope to avoid wasted time and expense in producing what are rather voluminous files. Defendants have requested other outstanding disciplinary records—force records (Ricciardi only), relevant IAB records including files (all Defendants), relevant CPI Reports and files if available (all Defendants), and litigation histories. These are expected to arrive in advance of the Defendant Officers' depositions so that those proceedings do not have to be reset.

V. **The Summons Relating To Ms. Peeples' Alleged July 2011 Summons And The Dispositions Relating To Ms. Peeples' Alleged July 2011 And Alleged August 2011 Summons**

Defendants have thus far been unsuccessful in locating these records but they continue to expend great effort in the search, as they are just as interested as Plaintiff (if not more so) in seeing them. Automated DB2 Warrant System (ADW) records and NYPD agency equivalent records are also forthcoming and there are no anticipated problems locating them.

VI. **Joanna Zeruti's Arrest Paperwork And Disposition (And Others', Where Available)**

The Parties have talked at length about whether Defendants are able to produce Ms. Peeples's co-arrestees' records in this case. It stands to reason that these documents would contain Defendant Officers' statements, but some of the records may be sealed. Insofar as Plaintiff continues to have contact with most of the co-arrestees', Plaintiff's counsel will endeavor to get releases from these women. In the meantime, Defendants will produce redacted copies of all summonses issued that night.

VII. **Settlement**

During the July 27, 2016 conference, the Court indicated its availability to host a settlement conference. The Parties have discussed settlement further since then, and we are hopeful that we may be able to resolve the case shortly without the Court's intervention. In the event that we are successful in that effort, we will immediate alert the Court.

          Thank you,

          *Ryan Lozar*

          Ryan Lozar