

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

ALEXANDER NOBLE
Assistant Corporation Counsel
phone: (212) 356-2357
fax: (212) 356-3508
email: anoble@law.nyc.gov

September 21, 2016

**BY ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Katrina Peeples v. City of New York, et al.</u>, 15-CV-6511 (JBW)(PK)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced action. I write in response to plaintiff's August 28, 2016 letter seeking to compel defendant City of New York (hereinafter "Defendant City") to produce a witness pursuant to F.R.C.P. 30(b)(6). (*See* Docket Entry No. 27) Defendant City responds to plaintiff's August 28, 2016 letter as follows:

Plaintiff's motion to compel Defendant City to produce witnesses pursuant to F.R.C.P. 30(b)(6) should be denied in its entirety. As an initial matter, plaintiff's Notice of 30(b)(6) Deposition (hereinafter "The Notice") improperly interposes requests for the production of documents rather than witness testimony. All nine individual topics set forth in the Notice begin with the phrase, "all documents." See Plaintiff's Notice of 30(b)(6) Deposition, annexed hereto as Exhibit A. As the Notice itself acknowledges, "[t]he subjects touched upon by these documents are the very same topics about which plaintiff will depose the City-designated individual." Exhibit A, p. 1. Furthermore, the Notice seeks additional information that is not only largely irrelevant, but also duplicative of discovery already conducted, and not proportional to the needs of this case. In addition to the relevancy and proportionality issues, the Notice does not define or limit the proposed topics with the precision and clarity required for Defendant City to adequately prepare and produce a competent witness. For these reasons, plaintiff's motion to compel should be denied.

### I. Background

By way of background, plaintiff alleges that she was falsely arrested on September 8, 2013 in Hallets Cove Park, administered by the New York City Department of Parks and Recreation (hereinafter "Parks Department"). Defendants have argued that plaintiff

was lawfully arrested based on, *inter alia*, her admitted conduct of remaining in Hallets Cove Park after 9:00 p.m. in violation of Parks Department regulations. During depositions, defendants Officer Ricciardi, Officer Zidor, and Sergeant Friendly each testified that, at the time of plaintiff's arrest, Parks Department signage prohibited remaining in the Hallets Cove Park after 9:00 p.m. Defendants additionally produced Parks Department inspection reports showing that signs posted at Hallets Cove Park prohibited access after 9:00 p.m. Plaintiff now contends that a 30(b)(6) deposition is necessary "in order to understand these parks inspection reports." (*See* Docket Entry No. 27, p. 1) However, as set forth below, the proposed 30(b)(6) deposition is far from proportional to achieve this purpose.

## II. Objections to Proposed 30(b)(6) Topics

### a. Notice Topic (a) – All Documents Reflecting Parks Department Staff Assigned to Conduct Inspections

Plaintiff seeks "all documents" identifying the Parks Department employees who inspected Hallets Cove Park in December of 2012, August of 2013, January of 2014, and June of 2014. Exhibit A. As noted above, the clear wording of the Notice shows that topic (a) is a request for documents, for which F.R.C.P. 30(b)(6) is an improper vehicle. Defendants have already produced the Parks Inspection reports on the four dates listed in topic (a). Plaintiff fails to show how identification of the employees who purportedly conducted these inspections is relevant to her false arrest claim. Additionally, topic (a) proposes an overly broad time-frame for the information sought. The January 2014 and June 2014 inspections of Hallets Cove Park were conducted *after* plaintiff's arrest on September 8, 2013. Any information in these reports documenting post-incident changes to the signage conditions in Hallets Cove Park would constitute a "subsequent remedial measure," and would therefore be inadmissible to prove culpable conduct under F.R.E. 407. Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (a) should be denied.

### b. Notice Topic (b) – All Documents Reflecting the Parks Department's Division of Hallets Cove Park in Use-Specific Areas

Plaintiff seeks "all documents" reflecting how the Parks Department "divides the various use-specific areas of Halle[t]s Cove Park for the purposes of Parks Inspection." See Exhibit A. Although the vague wording of the Notice does not specify what types of documents and/or information plaintiff seeks in topic (b), plaintiff's August 28, 2016 letter seems to indicate that, because the fenced area of Hallets Cove Park contains a baseball diamond, playground equipment, basketball hoops, and a handball court, a 30(b)(6) witness is needed to testify "about the layout of common spaces generally, and intended sign locations more specifically." (Docket Entry No. 27, p. 2) However, the discovery already conducted has thoroughly apprised plaintiff of the layout and signage posted in Hallets Cove Park. For example, plaintiff's counsel conducted a site inspection of Hallets Cove Park, and produced to defendants 28 pictures depicting the layout of the "various use-specific areas" therein. Additionally, to the extent topic (b) seeks information regarding the conditions of Hallets Cove Park at the time of plaintiff's arrest, such a request is duplicative of multiple other sources of discovery, including plaintiff's

six co-arrestees,[1] who can testify as to their knowledge of the placement of Parks Department signage at the time of the arrest. Plaintiff even acknowledges that multiple alternative sources of this information are available, including "plaintiff's own productions, and party and non-party testimony." (Docket Entry No. 27, p. 2) Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (b) should be denied.

### c. Notice Topic (c) – All Documents Reflecting Parks Department Rules Directing Employees How to Perform Inspections

As noted above, defendants have already produced Parks Department inspection reports documenting the conditions of Hallets Cove Park at the time of plaintiff's arrest. Proposed topic (c), reaching beyond the inspection reports themselves, seeks additional and irrelevant information about the general rules that guided the creation of these reports. By plaintiff's own acknowledgement, the purpose of conducting the 30(b)(6) deposition is to "demonstrat[e]" that Defendants do not have any alternate justification for her arrest which would permit them to defeat her false-arrest claim." (Docket Entry No. 27, p. 2) Plaintiff fails to show how discovery of the Parks Department policies that guided creation of the Inspection Reports is relevant to any issue underlying her alleged false arrest claim. Therefore, the information sought in topic (c) does not serve plaintiff's asserted purpose in ascertaining the information. Thus, the Court should deny plaintiff's motion to compel a 30(b)(6) deposition on topic (c).

### d. Notice Topic (d) – All Documents Containing Definitions of Parks Department Terminology

Plaintiff seeks "all documents containing definitions" of terminology appearing in Parks Department inspection reports. However, to date, plaintiff has only identified two terms – "consolidated sign" and "routed sign" – that purportedly need clarification. Plaintiff's request to conduct a 30(b)(6) deposition on the definition of two terms, as well as "any other terms which find their way into a Park Inspection report" is overly broad, and not in proportion to any demonstrated need for additional information. Exhibit A, p. 2. Moreover, the phrase "any other terms which find their way into a Park Inspection report" does not "describe with reasonable particularity the matters for examination," as is required under F.R.C.P. 30(b)(6) to provide Defendant City with sufficient notice to adequately prepare a competent witness. Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (d) should be denied.

### e. Notice Topic (e) – All Documents Explaining Parks Department's Usage of "Umbrella Terms"

Plaintiff's motion to compel a 30(b)(6) deposition on proposed topic (e) should be denied because the Notice does not define the proposed subject matter with sufficient precision and clarity. Nowhere does plaintiff define what is meant by "umbrella terms." Moreover, plaintiff does not even list which words in the Inspection Report would qualify as "umbrella terms." Topic (e) is fatally overbroad, as it lacks the parameters necessary "to sufficiently cabin

---

[1] The names and contact information of plaintiff's six co-arrestees are listed in plaintiff's Initial Disclosures, dated March 7, 2016.

the scope of the topic," and therefore fails to comport with the requirements of F.R.C.P. 30(b)(6) See Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co., 09 Civ. 3701 (JPO) (JCF), 2013 U.S. Dist. LEXIS 173006, **10-11 (S.D.N.Y. Dec. 9, 2013).

Additionally, as set forth above with respect to proposed topic (c), the Parks Department policies that guided creation of inspection reports are not relevant to plaintiff's alleged false arrest claim. The signage and conditions of Hallets Cove Park at the time of plaintiff's arrest are discoverable from multiple other sources, including the inspection reports themselves. Additional information concerning how Parks Department inspections are to be conducted in general does not bear on whether plaintiff's arrest was supported by probable cause. Therefore, plaintiff's motion to compel a 30(b)(6) deposition should be denied.

### f. Notice Topic (f) – All Documents Explaining Parks Department Policies Regarding Inspection Report Deficiencies

As with topic (e) above, plaintiff unnecessarily seeks a 30(b)(6) deposition on the Parks Department regarding the general handling of parks inspections. The vague phrasing and lack of defined terms in topic (f) make it unclear what information plaintiff is actually seeking. However, plaintiff appears to be proposing a 30(b)(6) deposition on how the Parks Department responds to purported "deficiencies" when they are discovered during inspections. Even so construing topic (e), Defendant City should not be compelled to produce a witness to testify on this subject, as the information sought is irrelevant to the disputed issue underlying plaintiff's alleged false arrest claim. That issue is whether the arresting officer, defendant Officer Ricciardi, reasonably believed that probable cause existed to arrest plaintiff for remaining in Hallets Cove Park after posted hours. See Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.") Whatever guidance the Parks Department provided to its employees, if any, does not bear on the reasonableness of Officer Ricciard's belief that he had probable cause to arrest plaintiff. Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (f) should be denied.

### g. Notice Topic (g) – All Documents Stating Whether Inspection Reports Must Include Photographic and/or Video Evidence

Plaintiff fails to demonstrate why a 30(b)(6) deposition is necessary regarding Parks Department policies on whether its employees "must include photographic and/or video evidence" in their inspection reports. For Your Honor's information, the inspection reports contain photographs of the conditions described therein. Whether, and to what extent, these photographs are included in the reports as a result of Parks Department policies is not relevant to plaintiff's false arrest claim. Topic (g), like proposed topics (d)-(f), seek additional and unnecessary discovery of Parks Department policies that have no bearing on the issue for which the proposed 30(b)(6) motion is purportedly necessary. Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (g) should be denied.

### h. All Photographic and/or Video Evidence of Deficiencies in Parks Inspection Reports

Topic (h) appears to seek a 30(b)(6) deposition on the same information proposed in the preceding topic (g), albeit with reference to purported deficiencies identified in four Parks Department inspection reports that have already been provided. As noted above, the January 2014 and June 2014 reports post-date the incident. Therefore, any information contained therein concerning purported changes to the conditions of Hallets Cove Park must post-date the incident, and will therefore be inadmissible under F.R.E. 407. With respect to the December 2012 and August 2013 reports, plaintiff does not specify any deficiencies identified in these reports that are supposedly the subject matter of topic (g). As such, the Notice fails to provide Defendant City with specification required under F.R.C.P. 30(b)(6) to adequately prepare and produce a competent witness or witnesses on topic (h). Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (h) should be denied.

### i. Notice Topic (i) – All Documents Relating to Identities of Persons Who Record Park Hours on City Websites

During discovery, plaintiff produced to defendants a screenshot from a Parks Department website entitled "Park Information." The screenshot, annexed hereto as Exhibit B, bears the heading "Hallets Cove Playground," and lists a location called "Hallet's Cove," for which the hours are listed as, "24 Hours." See Parks Department Website, Exhibit B. Plaintiff now broadly seeks "any and all documents relating to the identities" of the persons who administrate the website." Exhibit A, p. 3. Plaintiff's argument for the relevance of this information is based on the erroneous assumption that the area described on this website is fenced Parks Department property known as Hallets Cove Park, in which plaintiff was arrested. However, the referenced website specifically states that it refers to "Kayak/Canoe Launch Sites," situated in an entirely separate geographic location over three city blocks away from the fenced park in which plaintiff was arrested.[2] On the website, by clicking "Full Location Details," the Kayak/Canoe Launch Site is revealed to be a beach situated nearly half a mile away from the fenced area of Hallets Cove Park. Thus, the relevance of the website information sought is based on a misapprehension of the area depicted therein. Therefore, plaintiff's motion to compel a 30(b)(6) deposition on topic (i) should be dismissed.

---

[2] See NYC Parks Department Website, available at:https://www.nycgovparks.org/parks/hallets-cove-playground/facilities/kayak.

### III. Conclusion

For the foregoing reasons, Defendant City respectfully submits that plaintiff's application for an Order to compel a 30(b)(6) deposition should be denied in its entirety.

Defendants thank the Court for its attention to these matters.

Respectfully submitted,

/s/ Alexander Noble
Alexander Noble
*Assistant Corporation Counsel*
Special Federal Litigation Division

**VIA ECF**
cc: Ryan Lozar
305 Broadway, 10th Floor
New York, NY 10007
ryanlozar@gmail.com