UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KATRINA PEEPLES,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK; et al.,

                                                Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**15-CV-6511 (JBW)(PK)**

------------------------------------------------------------------------ X

       Defendants City of New York, P.O. Anthony Ricciardi, Officer Mikelang Zidor, and Sergeant Dennis Friendly (hereinafter "defendants") submit this Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (hereinafter "Plaintiff's Motion to Amend").

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

       Plaintiff Katrina Peeples filed the Original Complaint on November 12, 2015, alleging she was unlawfully arrested on September 8, 2013. See Original Complaint, "Exhibit A" to the Declaration of Alexander Noble in Opposition to Plaintiff's Motion to Amend, dated September 27, 2016 (hereinafter "Noble Decl."). The Original Complaint alleged claims of false arrest, failure to intervene, and municipal liability, and named as defendants the City of New York, Sergeant Dennis Friendly, Officer Anthony Ricciardi, and John/Jane Doe Police Officers 1-5. Id. On March 10, 2016, Magistrate Judge Kuo entered a scheduling order providing that "[m]otions to amend pleadings shall be filed by April 1, 2016." See March 10, 2016 Scheduling Order, "Exhibit B" to the Noble Decl., at p. 2. On March 25, 2016, plaintiff filed a letter-motion to amend the Original Complaint with defendants' consent. See Plaintiff's March 25, 2016 Letter, (ECF No. 11). On April 14, 2016, plaintiff was permitted to file the First Amended Complaint,

which added defendant Officer Mikelang Zidor and included no additional claims or factual allegations. See Plaintiff's First Amended Complaint, annexed as "Exhibit C" to the Noble Decl. On September 8, 2016 – the date on which the statute of limitations period for plaintiff's September 8, 2013 incident expired – plaintiff filed the instant motion for leave to file a Second Amended Complaint. See Plaintiff's Motion to Amend, (ECF No. 29). The proposed Second Amended Complaint seeks to assert a failure to intervene claim against new defendant Officer Stavros, and to assert new claims for excessive force, First Amendment retaliation, and denial of the right to fair trial. See Proposed Second Amended Complaint, "Exhibit D" to the Noble Decl.

## STANDARD OF REVIEW

Courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000). Motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to F.R.C.P. 12(b)(6). Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). Where "a motion to amend is filed after a deadline set by the Court in the Case Management and Scheduling Order, the motion is subject to the more demanding standard of Rule 16(b)." Benefitvision Inc. v. Gentiva Health Servs., 09-CV-473 (DRH)(AKT), 2015 U.S. Dist. LEXIS 29285, *16 (E.D.N.Y. Feb. 9, 2015). Under F.R.C.P. 16(b), the party seeking to amend must demonstrate "good cause" for failing to meet the applicable deadline. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "Good cause in this context depends

on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it is has been diligent in its effort to meet the Court's deadlines." Sokol Holdings v. BMB Munai, 05-CV-3749 (KMW)(DF), 2009 U.S. Dist. LEXIS 72659, *23 (S.D.N.Y. Aug. 14, 2009).

## POINT I

### PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFF HAS EXHIBITED UNDUE DELAY.

**A.   Plaintiff Has Exhibited Undue Delay In Asserting the Excessive Force Claim.**

In this case, the deadline for plaintiff to file a motion to amend the pleadings was ordered by Magistrate Judge Kuo to be April 1, 2016. See Exhibit B to the Noble Decl., at p. 2. On March 25, 2016, prior to the Court-ordered deadline, plaintiff filed a letter-motion to amend the Original Complaint, with defendants' consent, adding Officer Zidor as a defendant, but electing to add no additional claims or factual allegations. The Court granted that request and the First Amended Complaint was filed on April 14, 2016. See Exhibit C to the Noble Decl. Now, after the Court-ordered deadline, plaintiff seeks to untimely file a Second Amended Complaint.

Plaintiff contends that, "the timing of Plaintiff's motion relates to the emergence of additional facts about the incident during discovery." Plaintiff's Motion to Amend, p. 5, (ECF No. 29-2). Plaintiff's only factual allegation supporting the excessive force claim is that Officer Ricciardi "grabb[ed] her wrist, and attempted to wrench her telephone from her hand" during the arrest. See Exhibit D, at ¶ 18. Plaintiff fails to demonstrate how this fact was unavailable to plaintiff prior to discovery – nor can she – because plaintiff would have personally known this factual allegation on September 8, 2013, and plaintiff's counsel should have been aware of it by the time the Original Complaint was filed in November 12, 2015.

Plaintiff's undue delay is further exhibited by the fact that plaintiff waited until the final date of the three-year statute of limitations period to request permission to allege this claim,

despite having a *second* opportunity to allege it in the First Amendment Complaint prior to the Court-ordered deadline. The "longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City Sch. Dis't., 704 F.2d 44, 47 (2d Cir. 1983). Plaintiff fails to show good cause for her delay in asserting the excessive force claim, and plaintiff's motion to amend to assert this claim should be denied.

**B.     Plaintiff Has Exhibited Undue Delay In Asserting the First Amendment Retaliation Claim.**

Plaintiff delayed until September 8, 2016, the expiration date of the statute of limitations, to seek permission to assert the First Amendment retaliation claim. The only factual allegation underlying this claim is that plaintiff "asked Defendants' basis for asking [plaintiff and her co-arrestees] for identification." See Exhibit D, at ¶¶ 16-17. There is no reason why this fact, which was within plaintiff's personal knowledge from the time of the incident, was not available to plaintiff's counsel prior to filing the Original Complaint, or even the First Amendment Complaint. Plaintiff fails to show good cause for the delay in asserting this claim, and plaintiff's motion to amend to assert this claim should be denied.

**C.     Plaintiff Has Exhibited Undue Delay in Asserting the Denial of Right to Fair Trial Claim.**

Plaintiff argues that good cause exists for the delay in asserting the denial of right to fair trial claim because the underlying facts were uncovered through discovery. However, plaintiff's First Amended Complaint, filed April 14, 2016, already included the allegation that Officer Ricciardi provided false statements about plaintiff to the Office of the District Attorney (hereinafter "DA") following plaintiff's arrest. See Exhibit C to Noble Decl., ¶ 19. Moreover, "even if the Plaintiffs have learned new facts through the discovery process, this does not automatically entitle the Plaintiffs to amend." Lamothe v. Town of Oyster Bay, 08-CV-2078 (ADS)(AKT), 2011 U.S. Dist. LEXIS 120843, *22-*23 (E.D.N.Y. Oct. 19, 2011). Plaintiff's

proposed addition of a denial of right to fair trial claim is merely an attempt – after substantial discovery has been conducted, including completion of the parties' depositions – to reframe previously known facts according to a different theory of liability which will unduly prejudice defendants at this late stage of discovery. Plaintiff fails to demonstrate good cause for this delay, and plaintiff's motion to amend to assert a denial of right to fair trial claim should be denied.

## POINT II

### PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFF HAS EXHIBITED A DILATORY MOTIVE.

Plaintiff's motion to file a Second Amended Complaint at this late stage of discovery exhibits a dilatory motive. This action was filed on November 12, 2015. At a status conference on May 12, 2016, plaintiff identified the items of discovery that needed to be completed before this matter proceeded to motion practice. See Minute Entry dated May 12, 2016. However, plaintiff provided no indication that she intended to assert the new claims proposed in the Second Amended Complaint, or the attendant discovery these claims will entail. At the July 27, 2016 status conference, plaintiff again failed to provide notice of her intention to pursue new claims, and the additional discovery required for these claims before this matter can proceed to motion practice. See Minute Entry dated July 27, 2016. Now that the parties have been deposed and a significant amount of discovery on the existing claims has been completed, plaintiff seeks to assert the new claims. Plaintiff's delay in asserting these claims at this late stage of discovery as the matter approaches motion practice exhibits dilatory motive. See Hutter v. Countrywide Bank, 41 F. Supp. 3d 363 (S.D.N.Y. 2014). Therefore, plaintiff's motion to amend should be denied.

## POINT III

**PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFF REPEATEDLY FAILED TO ASSERT THE NEW CLAIMS IN PRIOR PLEADINGS.**

Motions to amend should be denied in instances of "repeated failure to cure deficiencies by amendments previously allowed." Burch, 551 F.3d at 126. Plaintiff could have and failed to assert her excessive force, First Amendment retaliation, and denial of the right to fair trial in the Original Complaint and in the First Amendment Complaint. Plaintiff has not demonstrated good cause for failing to assert these three new causes of action in her two prior pleadings. Therefore, plaintiff's motion to file a Second Amended Complaint to assert these claims should be denied.

## POINT IV

**PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED BECAUSE THE ADDITION OF THE NEW CLAIMS ASSERTED WILL SUBJECT DEFENDANTS TO UNDUE PREJUDICE.**

All discovery to date has been conducted based on the claims asserted in plaintiff's First Amended Complaint, which merely reiterated the claims in plaintiff's Original Complaint. As noted above, the parties have already conducted plaintiff's deposition and significant document discovery. Plaintiff's proposal to pursue all three additional claims at this late stage will cause a significant delay of this action, as they will require defendants to re-open plaintiff's deposition, and to conduct further discovery regarding the alleged claims and damages resulting therefrom. As such, the addition of plaintiff's new proposed claims would subject defendants to undue prejudice in timely resolving this action. Therefore, plaintiff's motion to amend to add these claims should be denied.

## POINT V

**PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT TO ASSERT NEW CLAIMS SHOULD BE DENIED DUE TO FUTILITY.**

**A.     Plaintiff's Motion to Amend to Add an Excessive Force Claim Is Futile.**

Plaintiff's proposed excessive force claim against Officer Ricciardi fails on the merits, and, therefore, the amendment to assert this claim would be futile. Plaintiff claims that, during plaintiff's arrest, "[d]efendant Anthony Ricciardi turned his attention to Plaintiff, grabbed her wrist, and attempted to wrench her telephone from her hand, causing her pain and discomfort in the process." Exhibit D to Noble Decl., ¶ 18. This does not rise to the level of excessive force.

"The Supreme Court has recognized that the effectuation of a custodial arrest necessarily carries with it the right to use some degree of physical coercion." Smith v. City of New York, 04-CV-3286 (TPG), 2010 U.S. Dist. LEXIS 88774, *26 (S.D.N.Y. Aug. 27, 2010). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Id. "The Second Circuit and district courts in the Circuit recognize the concept of 'de minimis' injury and, when the injury resulting from alleged excessive force falls into that category, the excessive force claim is dismissed." Lemmo v. McKoy, 2011 U.S. Dist. LEXIS 23075, at *14-*15 (E.D.N.Y. Mar. 8, 2011). "Injuries held to be de minimis for purposes of defeating excessive force claims include short-term pain, swelling, and bruising, brief numbness from tight handcuffing, claims of minor discomfort from tight handcuffing, and two superficial scratches with a cut inside the mouth." Milo, 59 F. Supp. 3d at 522.

Officer Ricciardi's alleged conduct of taking hold of plaintiff's wrist while arresting her does not constitute excessive force, as "the effectuation of a custodial arrest necessarily carries with it the right to use some degree of physical coercion." Smith, 2010 U.S. Dist. LEXIS 88774, *26. Plaintiff's sole alleged injury consists of "pain and discomfort" in her wrist, which falls

squarely within the category of 'de minimis' injuries that are insufficient as a matter to support an excessive force claim. See Sullivan v. City of New York, No. 10 Civ. 0038 (NRB), 2011 U.S. Dist. LEXIS 96461, at *11 (S.D.N.Y. Aug. 29, 2011)(noting that de mininis injuries include "temporary swelling" and "inflammation or soreness of an arrestee's wrists"). In fact, plaintiff testified at deposition that she did not experience any "bruising or scratching" to her wrist as a result of Officer Ricciard's alleged conduct. See Excerpt of Plaintiff's Deposition, "Exhibit E" to Plaintiff's Motion to Amend, p. 4 (ECF No. 29-7). Plaintiff's proposed amendment to add an excessive force claim would be futile, and should therefore be denied.

**B.     Plaintiff's Motion to Amend to Add a First Amendment Retaliation Claim is Futile.**

Plaintiff's proposed retaliation claim also fails on the merits and, therefore, the amendment to assert this claim would be futile. "A plaintiff claiming First Amendment retaliation must prove that '(1) he has an interest protected by the First Amendment; (2) defendant's actions were motivated or substantially caused by his exercise of that right; and (3) defendant's actions effectively chilled the exercise of his First Amendment right.'" Petway v. City of New York, 12-CV-279 (ARR)(LB), 2014 U.S. Dist. LEXIS 28361, *31-*32 (E.D.N.Y. March 4, 2014). To satisfy the second element, the plaintiff must establish "a causal link between the constitutionally protected conduct and the retaliatory action." Leibovitz v. City of N.Y., 14-CV-3297 (RA)(JCF), 2015 U.S. Dist. LEXIS 170476, *27-*28 (S.D.N.Y. Dec. 18, 2015). The plaintiff has not satisfied the second element when the government official "would have taken the same actions regardless of any motivation to retaliate." New England Health Care v. Rowland, 221 F. Supp. 2d 297, 343 (D. Conn. 2002).

The documents annexed to plaintiff's Motion to Amend show that plaintiff cannot establish the requisite causal connection between her alleged First Amendment activity and the allegedly retaliatory arrest that followed. The defendant officers testified at deposition that they

initially approached plaintiff because they observed her in Hallets Cove Park after 9:00 p.m. in violation of Parks Department regulations. See, e.g., Excerpt of Officer Zidor's deposition, Exhibit C to Plaintiff's Motion to Amend, p. 2 (ECF No. 29-7). Plaintiff claims her conduct of verbally protesting the officers approaching her and requesting identification caused plaintiff to be arrested in retaliation. Exhibit D to Noble Decl., at ¶ 41. However, the defendant officers made their observations of plaintiff's arrestable conduct *before* plaintiff allegedly engaged in First Amendment activity by criticizing the officers for stopping her and asking for identification. Therefore, the defendant officers "would have taken the same actions regardless of any motivation to retaliate." Rowland, 221 F. Supp. 2d at 343. Plaintiff thus fails to allege the causal link needed for a First Amendment retaliation claim.

Additionally, a plaintiff must sufficiently demonstrate "a First Amendment harm" to satisfy the third element. Richardson v. N.Y. City Health & Hosps. Corp., 05-CV-6278 (RJS), 2009 U.S. Dist. LEXIS 25247, *53-*54 (S.D.N.Y. Mar. 25, 2009). "Where the retaliation claim is brought by a private citizen alleging that he or she was arrested in retaliation for criticizing public officials, the relevant First Amendment harm is a chilling effect on the arrestee's speech." Id. Additionally, "allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Curley, 268 F.3d at 733. Furthermore, where the claim relates to an allegedly retaliatory arrest, the arrest itself is not a harm sufficient to state an actionable First Amendment retaliation claim. See Richardson, 2009 U.S. Dist. LEXIS 25247, n. 8 at *57; Harris v. City of New York, 09-CV-3474 (KAM), 2013 U.S. Dist. LEXIS 129118, *19-*20 (E.D.N.Y. Sept. 10, 2013).

Plaintiff fails to allege that her speech was chilled as a result of her arrest. Plaintiff merely alleges that, "in response to Plaintiff's good-faith and harmlessly-posed questions about Defendants' abuse of authority, Defendants arrested Plaintiff without cause." Exhibit D to Noble

Decl., ¶ 41. As noted above, the arrest itself – even an allegedly unlawful one – does not constitute a harm sufficient to state a retaliation claim. Beyond this, plaintiff alleges that, "[a]s a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged." Exhibit D to Noble Decl., ¶ 42. This conclusory allegation is insufficient to show "a specific present objective harm or a threat of specific future harm." Therefore, plaintiff fails to satisfy the third element of a First Amendment retaliation claim. The proposed amendment to add a First Amendment retaliation claim would be futile and should be denied.

### C. Plaintiff's Motion to Amend to Add a Denial of Right to Fair Trial Claim is Futile.

Plaintiff claims that Officer Ricciardi falsely informed the Queens DA that plaintiff possessed an open container of alcohol in public on September 8, 2013. Exhibit D, at ¶ 28. As an initial matter, plaintiff's proposed denial of right to fair trial claim is more appropriately pled as one for malicious prosecution. See Brown v. City of N.Y., 2014 U.S. Dist. LEXIS 181736, n. 4 at 8 (E.D.N.Y. Dec. 23, 2014). However, plaintiff cannot plead a malicious prosecution because plaintiff accepted an adjournment in contemplation of dismissal (hereinafter "ACD") to resolve the criminal charges arising from her September 8, 2013 arrest. See Exhibit I to Plaintiff's Motion to Amend, p. 2 (ECF No. 29-11). As at least one Court in this circuit has recognized, "[c]ourts should be wary of attempts by creative litigants who cannot meet the requirements of recognized, common-law derived constitutional torts like false arrest or malicious prosecution to create new rights." Brown, 2014 U.S. Dist. LEXIS 181736 at *8.

Courts have held that a denial of fair trial claim will fail as matter of law when there is no trial. See Widget v. Town of Poughkeepsie, 12-CV-3459 (ER), 2013 U.S. Dist. LEXIS 37138, *26 (S.D.N.Y. Mar. 18, 2013); Hope v. City of New York, 08-CV-5022, 2009 U.S. Dist. LEXIS 123767 (E.D.N.Y. Jan. 22, 2009). "In a cause of action based on the denial of the right to a fair trial, the deprivation of liberty necessarily involves a conviction and a resulting sentence."

Alford v. City of New York, 11-CV-0622 (ERK)(MDG), 2012 U.S. Dist. LEXIS 123137, *11 (E.D.N.Y. Aug. 29, 2012). Plaintiff's criminal charges were resolved with an ACD at arraignment. Exhibit M to Plaintiff's Motion to Amend, p. 2 (ECF No. 29-15). There was no trial, therefore plaintiff cannot show that she was denied the right to a fair trial. In the event that the court considers plaintiff's single court appearance, without any further restrictions imposed on plaintiff liberty, sufficient to allege denial of right to fair trial claim, such a claim still fails.

A claim for a denial of a right to a fair trial requires the plaintiff to "show causation – i.e., that the alleged fabrication of evidence led to a deprivation of his liberty." Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012). The creation of arrest documents, even if allegedly false, and the act of forwarding them to a DA, is not sufficient for denial of a fair right to trial. Horvath v. City of New York, No. 12-CV-6005 (RJD) (MDG), 2015 U.S. Dist. LEXIS 51029, at *15-*17 (E.D.N.Y. Apr. 17, 2015); Rogers v. Bisono, 15-CV-6690 (RWS), 2016 U.S. Dist. LEXIS 105096, *12 (S.D.N.Y. Aug. 3, 2016). Nor can allegedly false statements contained in arrest paperwork or told to the DA be the basis for a denial of a right to fair trial by way of a fabricated evidence claim; such statements are inadmissible hearsay and would never reach a jury. Brown v. City of N.Y., 14-CV-5372 (BMC) 2014 U.S. Dist. LEXIS 181736, *13-*14 (E.D.N.Y. Dec. 23, 2014). The officers' own testimony, which is absolutely immune from suit, is the only avenue by which the alleged false statements could reach a jury. Green v. Mattingly, 585 F.3d 97, 103 (2d Cir. 2009).

Plaintiff fails to show that any alleged false statements by P.O. Ricciardi proximately caused a deprivation of her right to fair trial. It is not enough for plaintiff to make conclusory allegations that Officer Ricciardi conveyed false information to DA. Moreover, during plaintiff's arrest processing, officers discovered that plaintiff had two open bench warrants. See Plaintiff's Motion to Amend, n. 1 at p. 7 (ECF No. 29-2). Plaintiff annexed several excerpts from the

Queens DA file in support of the instant motion, but conveniently omitted the NYPD Court Verification Card containing Officer Ricciardi's statement, "Deft. was found return on warrant Docket #2011SQ069689, 2011SQ076117." See NYPD Court Verification Card, "Exhibit E" to Noble Decl. This document not only undercuts plaintiff's argument that Ricciardi withheld warrant information from the DA; it demonstrates that plaintiff would have been required to appear at arraignment irrespective of Officer Ricciardi falsely stating that plaintiff's possessed an open container of alcohol on September 8, 2013. Therefore, Officer Ricciardi's alleged false statements cannot be considered the proximate cause plaintiff's alleged deprivation of liberty. Plaintiff's proposed amendment to add a claim for deprivation of the right to fair trial would be futile, and should be denied.

### POINT VI

### PLAINTIFF SHOULD BE PRECLUDED FROM AMENDING TO ASSERT A FAILURE TO INTERVENE CLAIM AGAINST PROPOSED DEFENDANT STAVROS.

Defendants oppose plaintiff's motion to file a Second Amended Complaint to join defendant Officer Stavros on a failure to intervene claim. Defendants have standing to oppose plaintiff's motion to join this purported defendant, as the addition of a new party will unduly protract resolution of the action. See Gary Friedrich v. Marvel, 2011 U.S. Dist. LEXIS 30685, *8-*9 (S.D.N.Y. Mar. 22, 2011). Plaintiff's proposed failure to intervene claim against Stavros is meritless; plaintiff merely alleges that Stavros, as the desk officer, failed to prevent plaintiff's arrest after the defendants informed him of plaintiff's criminal activity at the precinct. See Exhibit D, at ¶ 28. At a minimum, defendant Stavros is entitled to qualified immunity, as he was entitled to rely on information supplied from other police officers. See Duncan v. Cardova, 2014 U.S. Dist. LEXIS 119597, *59-*60 (S.D.N.Y. Aug. 22, 2014). Therefore, plaintiff's motion to amend to assert a failure to intervene claim against Stavros should be denied based on futility.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion for leave to file a Second Amended Complaint, in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 27, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City, Ricciardi, Zidor, and Friendly*
                                        100 Church Street, Room 3-310
                                        New York, New York 10007
                                        (212) 356-3549

By:    */s/ Alexander Noble*
            Alexander Noble
            Assistant Corporation Counsel

cc: **VIA ECF**
     Ryan Lozar, Esq.
     *Attorney for Plaintiff*
     305 Broadway, 10th Floor
     New York, NY 10007