| | |
|---|---|
| BEFORE: PEGGY KUO<br>U.S. MAGISTRATE JUDGE | DATE: 10/6/2016<br>START TIME: 11:58 a.m.<br>END TIME: 1:04 p.m. |
| DOCKET NO. CV-14-1088 | DISTRICT JUDGE: JBW |

CASE NAME: <u>Peeples v. City of New York et al.</u>

CIVIL CONFERENCE

PURPOSE OF CONFERENCE:   Motion Hearing

APPEARANCES:   Plaintiff:   Ryan Lozar, Esq.

Defendants:   Alexander Noble, Esq.

**SCHEDULINGS AND RULINGS:**

1. The Court heard argument on Plaintiff's motion at [27] to compel Defendant City of New York to produce a witness from the Parks Department for a Rule 30(b)(6) deposition concerning Parks Department Inspection Reports of the park where Plaintiff was arrested, which were produced by Defendants.  As stated on the record, the Court denied the motion on the grounds that the Inspection Reports and photos therein speak for themselves, and none of the topics listed in the Notice of Rule 30(b)(6) Deposition filed at [30-1] is directly relevant or proportional to Plaintiff's false arrest claim.

2. If Defendants plan at trial to proffer testimony regarding the Inspection Reports, Plaintiff should be permitted to take the deposition under Rule 30(a) of any individual who will provide such testimony.

3. Defendants' counsel stated that Defendants have agreed to produce electronic copies of the disciplinary records of the individual Defendants, which moots the issue raised by Plaintiff as part of her motion to compel at [27].  Defendants' counsel agreed to promptly produce the CCRB files that Plaintiff has already requested.

4. The Court heard argument on Plaintiff's motion at [29] for leave to file a Second Amended Complaint that adds claims for First Amendment Retaliation, Excessive Force, Fabrication of Evidence/Fair Trial Deprivation, and to add as a Defendant NYPD Officer Stavros against whom Plaintiff proposes to assert only a Failure to Intervene claim as already asserted against the three other individual named

      Defendants.  As stated on the record, the Court denied the motion as to all of Plaintiff's proposed additional claims on the grounds that the deadline for filing motions to amend pleadings was April 1, 2016, and Plaintiff did not show good cause for why he could not have moved for leave to amend by that deadline.  In addition, Defendants have already deposed Plaintiff, and if Plaintiff's amendments were permitted, the need for Defendants to depose Plaintiff a second time constitutes sufficient prejudice to Defendants.  Further, Plaintiff is denied leave to add NYPD Officer Stavros as a Defendant because such a claim is futile, as Officer Stavros was a desk officer who helped process Plaintiff's arrest and was not involved in the incident at which Plaintiff was arrested.

5. In order to facilitate Defendants' production of more legible copies of outstanding summonses for two of the individuals arrested with Plaintiff, the parties will file a joint proposed Order for the Court's review directing that the Queens Criminal Court unseal those records.

6. On Defendants' unopposed motion, the Court extended the time for Defendants to identify the names of additional police officers present at Plaintiff's arrest to **October 20, 2016**, so that Plaintiff can pursue the depositions of those non-party witnesses.

7. The Court directed the parties to meet and confer about prioritizing depositions of the non-party police officers and the non-party co-arrestees, and to file a proposed discovery plan with the Court so that the Court can establish a new deadline for the completion of discovery. Accordingly, the motion for an extension of time to complete discovery at [28] is granted.

8. After Defendants' counsel receives the remainder of the IAB files for the individual Defendants, the parties shall arrange for Plaintiff's counsel to review the IAB files by **October 20, 2016**, and Defendants shall promptly thereafter produce electronic copies of the documents requested by Plaintiff's counsel.

9. Defendants' counsel stated that Defendants plan to move for summary judgment before Judge Weinstein.

10. If the parties believe that a settlement conference with the Court will be useful, they shall file a joint request that includes proposed dates in the second half of January 2017.