UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KATRINA PEEPLES,

                                **15-CV-6511 (JBW)(PK)**

                Plaintiff,

       -against-

THE CITY OF NEW YORK; et al.,

                Defendants.

------------------------------------------------------------------------ x

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE KUO'S OCTOBER 6, 2016 ORDER DENYING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT

        Defendants City of New York, P.O. Anthony Ricciardi, P.O. Mikelang Zidor, and Sergeant Dennis Friendly (hereinafter "defendants") submit this Memorandum of Law in Opposition to Plaintiff's Appeal of Judge Kuo's Order, dated October 6, 2016, denying plaintiff leave to file a Second Amended Complaint (hereinafter "Plaintiff's Appeal").

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

        Plaintiff filed the Original Complaint on November 12, 2015, alleging that her constitutional rights were violated when she was arrested on September 8, 2013. See generally, Original Complaint, annexed as "Exhibit A" to the Declaration of Alexander Noble in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (hereinafter "Noble Decl."), ECF No. 31-1. Plaintiff's Original Complaint alleged claims of false arrest, failure to intervene, and a claim for municipal liability, and did not allege a claim of excessive force. See Original Complaint, ECF No. 31-1. On March 9, 2016, Magistrate Judge Kuo entered

a scheduling Order setting a deadline of April 1, 2016 for plaintiff to file any motion to amend the complaint. See Court's March 9, 2016 Scheduling Order, annexed as "Exhibit B" to Noble Decl., ECF No. 31-2. On March 25, 2016, plaintiff filed a letter-motion addressed to Magistrate Judge Kuo requesting permission to amend the Original Complaint with defendants' consent. See Plaintiff's March 25, 2016 Letter, ECF No. 11. On April 14, 2016, Magistrate Judge Kuo permitted plaintiff to file the First Amended Complaint. See First Amended Complaint, annexed as "Exhibit C" to Noble Decl., ECF No. 31-3. The First Amended Complaint added Officer Mikelang Zidor as a defendant, and did not include any additional claims or factual allegations. Id.

On September 8, 2016, the date on which the statute of limitations period for claims arising from plaintiff's alleged September 8, 2013 incident expired, plaintiff filed a motion for leave to file a Second Amended Complaint to assert claims of excessive force, First Amendment retaliation, and denial of the right to fair trial.[1] See Proposed Second Amended Complaint, "Exhibit D" to the Noble Decl., ECF 31-4. The parties fully briefed the issue of whether plaintiff was entitled to file the proposed Second Amended Complaint. See ECF Nos. 29, 31-33. On October 6, 2016, Magistrate Judge Kuo heard oral argument from the parties on plaintiff's Motion to Amend. By Order dated October 6, 2016, Magistrate Judge Kuo denied plaintiff leave to amend to assert claims of excessive force, First Amendment Retaliation, and denial of the right to fair trial. See Magistrate Judge Kuo's October 6, 2016 Order, ECF No. 34, p. 2.[2] In light of the facts and arguments presented, Magistrate Judge Kuo determined that

---

[1] Plaintiff also sought to add as a defendant "Officer John Stavros" for failing to intervene to prevent plaintiff's allegedly false arrest. Id. However, plaintiff's moving papers indicate that the instant appeal is limited to Magistrate Judge Kuo's denial of plaintiff's motion to amend to add the proposed excessive force claim.

[2] For ease of reference, citations to Court documents utilize ECF pagination.

plaintiff was required to show good cause for failing to comply with the April 1, 2016 deadline to move to amend the complaint, and "did not show good cause for why he could not have moved for leave to amend by that deadline." Id. The Court further reasoned that "Defendants have already deposed Plaintiff, and if Plaintiff's amendments were permitted, the need for Defendants to depose Plaintiff a second time constitutes sufficient prejudice to Defendants." Id.

On October 20, 2016, plaintiff filed the instant appeal, pursuant to Fed. R. Civ. P. 72, of Magistrate Judge Kuo's October 6, 2016 Order denying plaintiff leave to amend to assert the proposed excessive force claim. See Plaintiff's Appeal, ECF No. 37. As set forth below, Magistrate Judge Kuo, after the parties fully briefed and presented oral argument on the issue, correctly denied plaintiff permission to add an excessive force claim after the April 1, 2016 deadline.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), "the Court should only set aside or modify a magistrate judge's pre-trial, non-dispositive ruling only when it is 'clearly erroneous or contrary to law.'" Care Envtl. Corp. v. M2 Techs., Inc., 05-CV1600 (CPS), 2006 U.S. Dist. LEXIS 35396 (E.D.N.Y. May 30, 2006) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal., 508 U.S. 602, 622 (1993). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A., 02-CV-0795 (CBM), 2004 U.S. Dist. LEXIS 23581 (S.D.N.Y. Nov. 19, 2004) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574, (1985).

"Generally, motions for leave to amend are considered to be nondispositive and subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a) of the Federal Rules of Civil Procedure." FC Online Mktg. v. Burke's Martial Arts, LLC, No. 14-CV-3685 (SJF)(SIL), 2016 U.S. Dist. LEXIS 147711, *1-*2 (E.D.N.Y. Oct. 25, 2016)(citing Fielding v. Tollaksen, 510 F.3d 175 (2d Cir. 2007)(citing 28 U.S.C. § 636; Fed. R. Civ. P. 72(a)). Plaintiff cites the Second Circuit's opinion in Jean-Laurent v. Wilkerson, 461 F. App'x 18, *25 (2d Cir. 2012), for the proposition that district courts may be required to review magistrate judge rulings denying leave to amend pleadings under the *de novo* standard of review. See Plaintiff's Appeal, ECF No. 37-1, p. 9. In Jean-Laurent, however, where, the magistrate judge issued an order denying the plaintiff from asserting any claims arising under New York State law in subsequent versions of the complaint, the Second Circuit noted that the magistrate judge's order "not only denied plaintiff leave to plead new claims, but effectively dismissed Jean-Laurent's *existing state-law claims*, which had survived the defendant's motion to dismiss." Id. (emphasis added). Therefore, the Second Circuit concluded that the magistrate effectively dismissed claims that were already pending in the action, which constituted a dispositive ruling on those claims. Id.

Here, unlike in Jean-Laurent, Magistrate Judge Kuo's Order did not dispose of any of plaintiff's claims pending in the action; plaintiff's proposed excessive force claim was not pled in either the Original Complaint or the First Amended Complaint. More recently, the Second Circuit reiterated again that decisions on motions to amend are considered non-dispositive matters governed by the clear error standard set forth in Fed. R. Civ. P. 72(a). See Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alimentari S.p.A., 638 F. App'x 87 (2d Cir. 2016) (noting that Rule 72(a) governs review of magistrate judge decisions on motions to

amend). Thus, Magistrate Judge Kuo's Order denying plaintiff leave to amend to add an excessive force claim is not subject to the *de novo* standard and should be reviewed for clear error.

## POINT I

### MAGISTRATE JUDGE KUO CORRECTLY CONCLUDED PLAINTIFF SHOULD BE PRECLUDED FROM AMENDING THE COMPLAINT TO ADD AN EXCESSIVE FORCE CLAIM.

Plaintiff fails to identify any clear error in Magistrate Judge Kuo's decision to deny plaintiff leave to file a Second Amended Complaint to add an excessive force claim. Magistrate Judge Kuo correctly denied plaintiff's motion for leave to amend based on (1) plaintiff's failure to show good cause for not moving to amend in accordance with the April 1, 2016 deadline, and (2) prejudice to defendants due to the additional discovery defendants would be required to conduct if plaintiff's amendment was permitted.[3]

### A. Judge Kuo Correctly Determined that Plaintiff Failed to Show Good Cause for not Moving to Amend Within the April 1, 2016 Deadline.

Magistrate Judge Kuo determined that plaintiff was required to show good cause for failing to move to add the proposed excessive force claim before the deadline to amend the complaint as set forth in the Court's March 9, 2016 scheduling order. Plaintiff's sole factual allegation giving rise to the proposed excessive force claim is that the arresting officer, defendant Police Officer Anthony Ricciardi, "twisted [plaintiff's] arm" while arresting her. See Plaintiff's Appeal, ECF No. 37-1, p. 7. Plaintiff's moving papers acknowledge that this fact was known to

---

[3] Should the Court review plaintiff's appeal under a *de novo* standard, plaintiff should be precluded from amending to add an excessive force claim for the reasons set forth in defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend, dated September 27, 2016, including that such a claim would be futile. *See* Docket Entry No. 30, pp. 7-8.

plaintiff when both the Original Complaint and the First Amended Complaint were filed. Id. However, plaintiff reiterates the argument rejected by Magistrate Judge Kuo that plaintiff could not have asserted the proposed excessive force claim before the April 1, 2016 deadline because plaintiff's counsel did not learn this alleged fact until plaintiff's deposition on July 26, 2016. Id. Judge Kuo did not commit clear error in concluding that plaintiff counsel's delay in learning the alleged fact from his own client was insufficient to show "good cause." In fact, courts addressing this issue have specifically noted that, "examples of a party's failure to act with sufficient diligence include basing a proposed amendment on information that the party knew, *or should have known*, in advance of the deadline." Sokol Holdings, Inc. v. BMB Munai, Inc., 05-CV-3749 (KMW) (DF), 2009 U.S. Dist. LEXIS 72659, *24 (S.D.N.Y. Aug. 14, 2009)(citing Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000))(emphasis added))). Indeed, plaintiff's own moving papers acknowledge that Magistrate Judge Kuo's ruling is "understandable." See Plaintiff's Appeal, ECF No. 37-1, p. 8. As Magistrate Judge Kuo correctly pointed out, plaintiff's counsel should have known the fact underlying the proposed excessive force claim in advance of the April 1, 2016 deadline. Therefore, as plaintiff fails to identify any clear error in Judge Kuo's determination that plaintiff failed to show good cause, plaintiff's appeal of Magistrate Judge Kuo's Order denying leave to amend to add the excessive force claim should be denied.

**B. Judge Kuo Correctly Determined that Plaintiff's Proposed Amendment Would Subject Defendants to Undue Prejudice.**

Plaintiff fails to show that Judge Kuo clearly erred in concluding that defendants would be subjected to undue prejudice if plaintiff were permitted to file a Second Amended Complaint adding an excessive force claim. Since entry of Magistrate Judge Kuo's March 9, 2016 Scheduling Order, the parties have conducted all discovery based on the claims asserted in plaintiff's Original Complaint and First Amended Complaint, neither of which included the

proposed excessive force claim. In denying plaintiff's untimely motion to amend to assert the excessive force claim, Magistrate Judge Kuo determined that the need for defendants to re-open plaintiff's deposition if the amendment were permitted, constituted sufficient prejudice to warrant denial of plaintiff's motion to amend. See Magistrate Judge Kuo's October 6, 2016 Order, ECF No. 34, p. 2. Plaintiff's moving papers acknowledge that the proposed amendment to add the excessive force claim would require plaintiff's deposition to be re-opened. However, plaintiff appears to argue that Magistrate Judge Kuo committed clear error in determining that this additional discovery was sufficiently prejudicial to warrant denial of plaintiff's motion to amend. Plaintiff's argument is inconsistent with the clear mandate under the Federal Rules of Civil Procedure that magistrate judges are afforded broad discretion to evaluate and govern the discovery process. See, e.g., Gruss v. Zwirn, 09 Civ. 6441 (PGG) (MHD), 2013 U.S. Dist. LEXIS 100012, *13-*14 (S.D.N.Y. July 10, 2013). "Because the Magistrate Judge is in the best position to judge the entire atmosphere of the discovery process, decisions of a Magistrate Judge on discovery matters are entitled to substantial deference." Dunkin' Donuts Franchised Rests., LLC v. 1700 Church Ave. Corp., No. 07-CV-2446 (CBA) (MDG), 2009 U.S. Dist. LEXIS 24367, *3-*4 (E.D.N.Y. Mar. 24, 2009)(internal citations and quotations omitted). Plaintiff's moving papers cite to various cases where courts have permitted plaintiffs to amend to assert new claims, even where the new claims would require some additional discovery to be conducted. See Plaintiff's Appeal, ECF No. 37-1, pp. 9-10. However, "[a] showing that 'reasonable minds may differ on the wisdom of [a magistrate judge's decision on a party's motion]' is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, 08 Civ. 5646 (HB), 2009 U.S. Dist. LEXIS 62548 (S.D.N.Y. July 19, 2009).

Here, Magistrate Judge Kuo, having presiding over all discovery conducted to date, determined that re-opening plaintiff's deposition constituted sufficient prejudice to defendants to warrant denial of plaintiff's motion to amend. Plaintiff fails to identify any clear error by Magistrate Judge Kuo in reaching this determination. Given plaintiff's failure to make the required showing of clear error, plaintiff's appeal of Magistrate Judge Kuo's Order denying leave to amend to add an excessive force claim should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's appeal of Magistrate Judge Kuo's October 6, 2016 Order denying plaintiff leave to amend to add an excessive force claim, in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:     New York, New York
           November 3, 2016

                                    ZACHARY W. CARTER
Corporation Counsel of the City of New
     York
*Attorney for Defendants City, Ricciardi,*
*Zidor, and Friendly*
100 Church Street, Room 3-310
New York, New York 10007
(212) 356-3549

By:    */s/ Alexander Noble*
        Alexander Noble
        Assistant Corporation Counsel

cc:    **VIA ECF**
      Ryan Lozar, Esq.
      *Attorney for Plaintiff*
      305 Broadway, 10th Floor
      New York, NY 10007