UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KATRINA PEEPLES

                              Plaintiff,

              -against-

CITY OF NEW YORK, NYPD SERGEANT
DENNIS FRIENDLY, Shield No. 233, NYPD
OFFICER ANTHONY RICCIARDI, NYPD
OFFICER MIKELANG ZIDOR, Shield No. 27521,
and NYPD OFFICERS JOHN/JANE DOES 1-5,

                              Defendants

------------------------------------------------------------X

**DECLARATION OF ALEXANDER NOBLE IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MEMORANDUM**

15-CV-6511 (JBW)(PK)

**ALEXANDER NOBLE**, an attorney duly admitted to practice law in the State of New York, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York. I am the attorney assigned to the defense of this action. As such, I am familiar with the facts and circumstances stated herein.

2. I submit this declaration in further support defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their motion, defendants submit the exhibits described below.

3. Exhibit "A" is a true and correct copy of the Second Amended Complaint in this action, which sets forth, among other things, that plaintiff was arrested on or about September 8, 2013 in Hallet's Cove Park, a municipal property under the jurisdiction of the New York City Parks Department (hereinafter "Parks Department").

4. Exhibit "B" is a true and correct copy of the Transcript of Plaintiff's Deposition conducted on July 26, 2016, which sets forth, among other things, that plaintiff was present in Hallet's Cove Park after 9:00 p.m. on September 7, 2013 and before 6:00 a.m. on September 8, 2013.

5. Exhibit "C" is a true and correct copy of the Transcript of Officer Ricciardi's Deposition conducted on August 17, 2016, which sets forth, among other things, that plaintiff was arrested for being unlawfully present in Hallet's Cove Park after 9:00 p.m. in violation of Parks Department signage posted in and around Hallet's Cove Park, and for possession of an open container of alcohol in violation of New York City Administrative Code § 10-125.

6. Exhibit "D" is a true and correct copy of the Event Chronology Report documenting the defendant officers' arrival time at the scene of arrest, which sets forth, among other things, that the defendant officers encountered plaintiff at approximately 12:15 a.m.

7. Exhibit "E" is a true and correct copy of the Transcript of Sergeant Friendly's Deposition conducted on August 31, 2016, which sets forth, among other things, that Sergeant Friendly observed plaintiff present in Hallet's Cove Park in violation of Parks Department regulations, and that plaintiff recovered a bottle of Hennesy liquor in plaintiff's proximity.

8. Exhibit "F" is a true and correct copy of the Parks Inspection Program Report, dated August 13, 2013, documenting, among other things, the presence of two Parks Department signs in and around Hallet's Cove Park stating the rules and regulations governing activity on the premises.

9. Exhibit "G" is a true and correct copy of the Affidavit of Parks Inspector Anita Campbell, which sets forth among other things, that on August 13, 2013, Parks Inspector

Campbell conducted an inspection of Hallet's Cove Park and documented her findings in Exhibit F.

10. Exhibit "H" is a true and correct copy of the Transcript of Anita Campbell's Deposition conducted on April 13, 2017, which sets forth, among other things, that Anita Campbell observed two Parks Department signs in Hallet's Cove Park stating that the premises closed at 9:00 p.m., and that drinking alcohol, drug use, and littering were prohibited.

11. Exhibit "I" is a true and correct copy of the Transcript of Officer Zidor's Deposition, conducted on July 27, 2016, which sets forth, among other things, that, at the time of plaintiff's arrest, Officer Zidor was aware of Parks Department signage in Hallet's Cove Park prohibiting access to the property after 9:00 p.m., that plaintiff and a group of other individuals were present in Hallet's Cove Park after 9:00 p.m., that plaintiff and the other individuals were drinking alcohol in Hallet's Cove Park, and that the officers recovered bottles of alcohol at the scene of arrest, including at least one Hennessy liquor bottle.

12. Exhibit "J" is a true and correct copy of the Transcript of Plaintiff's Deposition, continued on March 22, 2017, which sets forth, among other things, that plaintiff refused multiple orders to produce identification when approached by the defendant officers, that plaintiff refused to release her cellular telephone from her hand while Officer Ricciardi was attempting to handcuff her, that plaintiff claims only *de minimis* pain in her wrist from Officer Ricciardi placing plaintiff in handcuffs, and that Sergeant Friendly recovered a bottle of Hennessy liquor from the ground in plaintiff's proximity in Hallet's Cove Park.

13. Exhibit "K" is a true and correct copy of the Arrest Report documenting the charges stemming from plaintiff's September 8, 2013 arrest, which sets forth, among other things, that plaintiff was arrested for possession of an open container of alcohol in a public place

in violation of New York City Administrative Code § 10-125, and that plaintiff had two open warrants for her arrest stemming from prior criminal proceedings in Queens Criminal Court.

14. Exhibit "L" is a true and correct copy of the Affidavit of Sergeant Michael Sheehan, which sets forth, among other things, that a search of the Automated Warrant Database System following plaintiff's arrest revealed plaintiff's open arrest warrant under Queens Criminal Court Docket No. 2011SQ069669 documented in the Arrest Report comprising Exhibit K.

15. Exhibit "M" is a true and correct copy of Plaintiff's Warrant Search History generated from the Automated Warrant Database System, which sets forth, among other things, that at 1:29 a.m. on the date of plaintiff's September 8, 2013 arrest, Officer Zidor discovered plaintiff's open warrant under Queens Criminal Court Docket No. 2011SQ069669 documented in the Arrest Report comprising Exhibit K.

16. Exhibit "N" is a true and correct copy of Certificate of Disposition No. 319054, which sets forth, among other things, that the criminal charge stemming from plaintiff's September 8, 2013 arrest were resolved by plaintiff's acceptance of an Adjournment in Contemplation of Dismissal at arraignment.

Dated: New York, New York
May 5, 2017

        ZACHARY W. CARTER
        Corporation Counsel for the
          City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-310
        New York, New York 10007
        (212) 356-2357

        By: _____/s/_____
          Alexander Noble
          Assistant Corporation Counsel
          Special Federal Litigation Division

**VIA ECF & FIRST CLASS MAIL**
TO: Ryan Lozar
305 Broadway, 10th Floor
New York, NY 10007
ryanlozar@gmail.com